People v Joe (2022 NY Slip Op 02143)





People v Joe


2022 NY Slip Op 02143


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-08344

[*1]The People of the State of New York, respondent,
v
Philip Joe, appellant. 


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.
Janet E. Sabel, New York, NY (Simon Greenberg of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Marina Cora Mundy, J.), dated June 14, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 120 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant challenges the denial of his application for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
A downward departure may be warranted where the victim's lack of consent is due only to inability to consent by virtue of age, and scoring 25 points under risk factor 2, for sexual contact with the victim, results in an overassessment (see Guidelines at 9; People v Fisher, 177 AD3d 615; People v Walker, 146 AD3d 824). Here, considering the particular circumstances of the defendant's sexual conduct toward the victim, the defendant failed to demonstrate that the victim's lack of consent was due only to her inability to consent by virtue of her age (see People v Blount, 195 AD3d 956).
The defendant further contends that his alleged positive response to sex offender [*2]treatment constituted a mitigating factor warranting a downward departure from the presumptive risk level. Although a response to treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17; see People v Washington, 84 AD3d 910, 911), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Smith, 194 AD3d 767, 768; People v Lopez, 193 AD3d 992; People v Belle, 193 AD3d 989; People v Ralph, 170 AD3d 900, 902).
Contrary to the defendant's contention, the alleged support provided by the defendant's family is adequately taken into account by the Guidelines' consideration of living arrangements (see People v Baez, 199 AD3d 1027; People v Peoples, 189 AD3d 1282; People v Rodriguez, 184 AD3d 588). Similarly, the defendant's re-entry plans and prospective employment following his release are adequately taken into account by the Guidelines (see People v Taylor, 199 AD3d 845; People v Young, 186 AD3d 1546, 1548).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and properly designated him a level three sex offender.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court