People v Rudd (2022 NY Slip Op 04985)

People v Rudd

2022 NY Slip Op 04985

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-04438

[*1]The People of the State of New York, respondent,
v
Alex Rudd, appellant.

Patricia Pazner, New York, NY (Patty C. Walton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated April 28, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In March 2007, the defendant was convicted, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree, two counts of sexual abuse in the second degree, and endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court assessed the defendant 110 points on the risk assessment instrument, resulting in a presumptive risk level three designation, denied the defendant's application for a downward departure, and designated him a level three sex offender.
In establishing a sex offender's appropriate risk level assessment under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006] [hereinafter Guidelines]; People v Wyatt, 89 AD3d 112, 117-118). The Supreme Court properly assessed the defendant 10 points under risk factor 12. The People established, by clear and convincing evidence in the form of the case summary completed by the Board of Examiners of Sex Offenders, that the defendant failed to accept responsibility (see People v Crandall, 90 AD3d 628, 629-630).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v [*2]Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the defendant's re-entry plans were adequately taken into account by the Guidelines (see People v Joe, 203 AD3d 1187; People v Taylor, 199 AD3d 845).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court