People v Melendez (2022 NY Slip Op 06828)

People v Melendez

2022 NY Slip Op 06828

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-07450

[*1]The People of the State of New York, respondent,
v
Albert Melendez, appellant.

Laurette D. Mulry, Riverhead, NY (Anju Alexander of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Jonathan D. Estreich and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Richard Ambro, J.), dated March 18, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In May 1985, the defendant was convicted, upon a jury verdict, of two counts of rape in the first degree, two counts of criminal sexual act in the first degree, and kidnapping in the second degree. On March 18, 2020, the defendant appeared before the Supreme Court for a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which time the court assessed the defendant 125 points, resulting in a presumptive risk level of three, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level three sex offender.
In establishing a sex offender's appropriate risk level under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006][hereinafter Guidelines]; People v Wyatt, 89 AD3d 112, 117-118). Here, the Supreme Court properly assessed the defendant 30 points under risk factor 1 (use of violence). The People established that the defendant committed the offense while armed with a dangerous instrument by clear and convincing evidence in the form of the victim's grand jury testimony that the defendant sexually assaulted her, the codefendant pointed a gun at her, and the codefendant sexually assaulted her while the defendant pointed the same gun at her (see People v Burrowes, 177 AD3d 1005, 1006).
The defendant's contention that the Supreme Court improperly assessed 15 points under risk factor 11 is unpreserved for appellate review, since he did not object to the assessment of these points at the SORA hearing (see People v Bethel, 165 AD3d 712, 713; People v Velez, 100 AD3d 847, 847-848). In any event, his contention is without merit.
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure to risk level two. A defendant seeking a downward departure from the [*2]presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Jimenez, 178 AD3d 1099, 1100; see also Guidelines at 4). Here, the defendant's conduct while incarcerated was adequately taken into account by the Guidelines (see generally People v Joe, 203 AD3d 1187; People v Taylor, 199 AD3d 845). Moreover, the defendant failed to establish that support from his family or his community was an appropriate mitigating factor which was otherwise not adequately taken into account by the Guidelines (see People v Saintilus, 169 AD3d 838, 839). As far as the defendant's young age of 19 years at the time the offense was committed is concerned, an offender's age of 20 or younger at the time of the offense is deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Fuhrtz, 180 AD3d 944, 947).
The defendant's contention that his advanced age of 55 at the time of the SORA hearing warrants a downward departure is unpreserved for appellate review, as he failed to raise this factor at the SORA hearing (see People v Kaiser, 168 AD3d 1002, 1003). In any event, the defendant's contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court