People v Simms (2024 NY Slip Op 05813)

People v Simms

2024 NY Slip Op 05813

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-06281

[*1]The People of the State of New York, respondent, 
v
Keith Simms, appellant.

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated June 21, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, upon denying the defendant's request for a downward departure from his presumptive risk level, designated him a level two sex offender (see id. § 168-n). The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the Supreme Court properly determined that the defendant failed to establish an appropriate mitigating factor by a preponderance of the evidence. While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional," the defendant failed to demonstrate by a preponderance of the evidence that his "'response to treatment, while positive, was exceptional'" (People v Smith, 194 AD3d 767, 768, quoting People v Diaz, 180 AD3d 817, 818; see People v Abdullah, 210 AD3d 704, 706).
Contrary to the defendant's contention, the support of his family and friends was adequately taken into account by the Guidelines (see People v Haims, 203 AD3d 1184, 1186; People v Baez, 199 AD3d 1027, 1028). Moreover, the defendant failed to demonstrate how his support [*2]system will contribute to a lower likelihood of reoffense or danger to the community (see People v Melendez, 210 AD3d 1121, 1123; People v Saintilus, 169 AD3d 838).
The defendant's remaining contentions are either without merit or academic in light of the foregoing determination.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
LASALLE, P.J., CHAMBERS, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court