■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURO PALLADINO, Appellant. [850 NYS2d 468]—

Appeal by the defendant from an order of the County Court, Suffolk County (Hinrichs, J.), dated July 10, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted of sexual abuse in the first degree, sexual abuse in the second degree, and endangering the welfare of a child in connection with an ongoing course of sexual offenses against two of his granddaughters. In anticipation of the defendant reaching the end of his sentence of incarceration, a risk assessment instrument was prepared by the Board of Examiners of Sex Offenders. The defendant was assessed a total risk factor score of 110, including 15 points for not accepting responsibility for his offenses and for refusing sex offender treatment. At the hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C, hereinafter SORA), the defendant, who has steadfastly maintained his innocence of the underlying charges, argued, among other things, that the requirement that he admit his guilt of the sexual offenses for which he was convicted as a condition of participation in and completion of the sex offender treatment program violates his Fifth Amendment privilege against self-incrimination.

Contrary to the defendant's argument, the County Court properly assessed the defendant 15 points for his failure to accept responsibility for the offenses and for his refusal to complete the sex offender treatment program. A defendant may properly be assessed points under SORA for refusing to accept responsibility for his actions (see People v Lewis, 37 AD3d 689 [2007]; People v Fortin, 29 AD3d 765 [2006]; People v Mitchell, 300 AD2d 377 [2002]). The defendant's argument that the imposition of points in these circumstances violated his Fifth Amendment right against self-incrimination is without merit. The right is applicable where a person is confronted with a substantial and real hazard of self-incrimination, not where the danger is trifling or imaginary (see Marchetti v United States, 390 US 39, 53 [1968]). Since the defendant has already been prosecuted for the offenses that he claims he is being required

to admit, and is therefore protected by the double jeopardy clause from further prosecution (*see* US Const, Amend V; NY Const, art I, § 6; CPL 40.20 [1]; *North Carolina v Pearce,* 395 US 711, 717 [1969]; *People v Biggs,* 1 NY3d 225, 231 [2003]), he faces no such substantial or real hazard of self-incrimination. Spolzino, J.P., Krausman, Fisher and Angiolillo, JJ., concur.