People v Howard (2021 NY Slip Op 00195)





People v Howard


2021 NY Slip Op 00195


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-11042

[*1]People of State of New York, respondent, 
v
Theodore D. Howard, appellant.


Paul Skip Laisure, New York, NY (David L. Goodwin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce,
and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Joanne Quinones, J.), entered September 12, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed.
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor twelve based on the defendant's refusal to participate in sex offender treatment while incarcerated. Although the defendant's appeal from the underlying conviction was pending at the time he refused to participate in treatment, he did not attempt to withdraw or vacate his plea of guilty on appeal and only sought a reduction in sentence. Thus, the defendant faced no "substantial or real hazard of self-incrimination" by participating in treatment while his appeal was pending (People v Palladino, 46 AD3d 864, 866; cf. People v Fews, 175 AD3d 570, 570; People v Britton, 148 AD3d 1064, 1065). Additionally, the defendant failed to provide any proof that he refused to participate in sex offender treatment because of the impact any admission might have had on his direct appeal and possible resentence (see People v Grigg, 112 AD3d 802, 803; cf. People v Kearns, 68 AD3d 1713, 1713-1714).
Correction Law § 168-n(3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, the Supreme Court failed to adequately set forth findings of fact and conclusions of law to support its denial of the defendant's request for a downward departure from his presumptive designation as a level three sex offender. However, remittal to the Supreme Court is not required since the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Rodriguez, 170 AD3d 902, 902; People v Uphael, 140 AD3d 1143, 1143-1144).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender [*2]Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. The defendant's lack of a prior criminal history relating to sex offenses was adequately taken into account under the SORA Guidelines (see SORA Guidelines at 13-14; People v Saintilus, 169 AD3d 838, 839). Additionally, his contention in mitigation that his past conviction for attempted criminal possession of a weapon did not involve "actual violence" lacks merit. "As a matter of law, this is not a mitigating factor of a kind or to a degree not otherwise taken into account by the [SORA] Guidelines," which provide that "'[t]he term violent felony, as used in the guideline, has the same meaning as in the Penal Law (see Penal Law § 70.02[1]'" (People v Wyatt, 89 AD3d at 130-131, quoting SORA Guidelines at 14). The defendant does not dispute that his prior conviction constituted a violent felony as defined in the Penal Law and, as such, failed to sustain his burden of proof as to that mitigating factor.
The defendant's remaining contentions that he is entitled to a downward departure based upon purported mitigating circumstances including his familial support, job opportunities upon release, and because the victim's lack of consent was due solely to his inability to consent by virtue of his age are unpreserved for appellate review, as he failed to raise those factors at the SORA hearing (see People v Wilcox, 178 AD3d 1107, 1109; People v Rosales, 133 AD3d 733, 733). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive level three designation.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court