People v Spalone (2021 NY Slip Op 03624)





People v Spalone


2021 NY Slip Op 03624


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-00607

[*1]The People of the State of New York, respondent,
v
Joseph Spalone, appellant.


Langone & Associates, PLLC, Garden City, NY (Richard M. Langone of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 11, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of one count of possession of child pornography (see 18 USC § 2252[a][4][B]; [b][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 80 points, including 30 points under risk factor 3 (number of victims) and 20 points under risk factor 7 (relationship with victims), resulting in a presumptive risk level two designation, and denied his application for a downward departure. On appeal, the defendant argues that the court should not have assessed him 30 points under risk factor 3 and 20 points under risk factor 7, and should have granted his application for a downward departure to a risk level one designation.
"At a SORA hearing, the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341; see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571). Here, the County Court properly assessed 30 points under risk factor 3 and 20 points under risk factor 7. The People established, by clear and convincing evidence, that the child pornography possessed by the defendant depicted the images of far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Smith, 187 AD3d 1228, 1229; People v Waldman, 178 AD3d 1107; People v Rivas, 173 AD3d 786, 786-787; People v Reuter, 140 AD3d 1143; People v Morel-Baca, 127 AD3d 833).
Further, the defendant failed to establish his entitlement to a downward departure from the presumptive risk level. The mitigating factors identified by the defendant were either adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006), not proven by a preponderance of the evidence, or did not warrant a [*2]departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Porciello, 193 AD3d 993; People v Pendleton, 112 AD3d 600, 601; People v Wyatt, 89 AD3d 112, 130).
Accordingly, the County Court properly designated the defendant a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court