People v Taylor (2021 NY Slip Op 06203)





People v Taylor


2021 NY Slip Op 06203


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2019-09785

[*1]The People of the State of New York, respondent,
v
Warren Taylor, appellant. Patricia Pazner, New York, NY (Lisa Napoli of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated July 17, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"At a SORA hearing, the People must prove the facts to support a SORA risk-level classification by clear and convincing evidence" (People v Howard, 27 NY3d 337, 341; see Correction Law § 168-n[3]; People v Spalone, 195 AD3d 761). Here, the Supreme Court properly assessed 30 points under risk factor 3 (number of victims) and 10 points under risk factor 12 (acceptance of responsibility) (see People v Mingo, 12 NY3d 563; People v Spalone, 195 AD3d 761).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Jimenez, 178 AD3d 1099, 1100; see also SORA: Risk Assessment Guidelines and Commentary at 4 [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861; People v Champagne, 140 AD3d 719, 720). Here, the defendant's re-entry plans and the support of his family were adequately taken into account by the Guidelines (see People v Felton, 175 AD3d 734, 735; People v Adams, 174 AD3d 828, 829-830).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure, and designated him a level three sex offender.
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court