People v Rivera (2022 NY Slip Op 04748)

People v Rivera

2022 NY Slip Op 04748

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-01636

[*1]The People of the State of New York, respondent,
v
Francisco Rivera, appellant.

Justine Luongo, attorney-in-charge of the criminal defense practice, New York, NY (Robin Richardson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated December 19, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 170 points, found that an override for a prior felony sex conviction applied, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals, contending that the court erred in denying his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant contends that his age, community and family support system, and potential civil commitment under article 10 of the Mental Hygiene Law constituted mitigating factors warranting a downward departure from the presumptive risk level.
At the SORA hearing, defense counsel indicated, in effect, that in an ongoing proceeding under article 10 of the Mental Hygiene Law, there had been findings that the defendant was a sex offender in need of civil management and that he suffered from a mental abnormality. Counsel argued that, because the defendant would therefore necessarily be subject to civil [*2]management either as "a dangerous sex offender requiring confinement or a sex offender requiring strict and intensive supervision" (Mental Hygiene Law § 10.07[f]), there was a lower risk that he would reoffend. A mental abnormality is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03[i]). Accordingly, contrary to the defendant's contention, the fact that he would be subject to civil management was not a mitigating factor. To the contrary, a "clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases ability to control impulsive sexual behavior" results in an automatic override to level three (see Guidelines at 4), and, thus, the fact that the defendant had been found to be in need of civil management was an aggravating and not a mitigating factor (see People v Lagville, 136 AD3d 1005, 1006; see also People v Lashway, 25 NY3D 478, 480).
The defendant, who committed the underlying offenses when he was 29 years old, failed to demonstrate that his age at the time of the SORA hearing, 60 years old, resulted in an overassessment of his risk to public safety (see People v Bigelow, 175 AD3d 1443, 1444; People v Wallason, 169 AD3d 728, 729). In addition, while the defendant submitted a community support letter attesting to his character and growth, the defendant failed to demonstrate how such support established a lower likelihood of reoffense or danger to the community (see People v Taylor, 199 AD3d 845, 846; People v Felton, 175 AD3d 734, 735; People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d 838, 839).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court