People v Jackson (2022 NY Slip Op 05871)

People v Jackson

2022 NY Slip Op 05871

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-05058

[*1]People of State of New York, respondent,
v
Gyasi Jackson, appellant. Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Benjamin N. Costanza of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated June 14, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted criminal sexual act in the first degree by forcible compulsion (Penal Law § 130.50[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 80 points on the risk assessment instrument, found that no downward departure was warranted, and designated the defendant a level two sex offender.
The defendant's contention that he is entitled to a downward departure based upon purported mitigating factors is unpreserved for appellate review, as he failed to request a downward departure at the SORA hearing (see People v Howard, 190 AD3d 773, 775; People v Wilcox, 178 AD3d 1107, 1109).
In any event, contrary to the defendant's contention, he failed to establish his entitlement to a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the purported mitigating factors identified by the defendant, including his completion of prison programs, acceptance of responsibility and remorse, and robust support systems, were either adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Young, 186 AD3d 1546, 1548; People v Burrowes, 177 AD3d 1005, 1007), or did not warrant a [*2]downward departure (see People v Burrowes, 177 AD3d at 1007; People v Saintilus, 169 AD3d 838, 839).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
We need not reach the defendant's remaining contention in light of our determination on a related appeal (see People v Jackson, __ AD3d __ [Appellate Division Docket No. 2021-04835; decided herewith]).
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court