People v Guzman (2023 NY Slip Op 00450)

People v Guzman

2023 NY Slip Op 00450

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-08592

[*1]The People of the State of New York, respondent,
v
Sergio Paz Guzman, appellant. Twyla Carter, New York, NY (Simon Greenberg of counsel), for appellant.

Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel; Juliette Niglo on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Marina C. Mundy, J.), dated January 28, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points, and designated him a level three sex offender. The defendant appeals, challenging the assessment of 20 points under risk factor 4 and the assessment of 15 points under risk factor 11.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination by clear and convincing evidence (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Vasquez, 189 AD3d 1480, 1481).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. The People presented clear and convincing evidence that he engaged in three or more acts of sexual contact over a period of at least two weeks (see People v Gomez, 204 AD3d 843, 845; People v Teal, 158 AD3d 902, 903).
The Supreme Court also properly assessed the defendant 15 points under risk factor 11 for a history of alcohol abuse. The assessment of these points was supported by clear and convincing evidence in the record, including the case summary completed by the Board (see People v Lyons, 199 AD3d 722; People v Henriquez, 146 AD3d 911).
Accordingly, the Supreme Court properly designated the defendant a level three sex [*2]offender pursuant to Correction Law article 6-C.
DUFFY, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court