People v Wanzer (2023 NY Slip Op 03934)

People v Wanzer

2023 NY Slip Op 03934

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2021-03645

[*1]The People of the State of New York, respondent,
v
George Wanzer, appellant. 

Twyla Carter, New York, NY (Anju Alexander of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Gamaliel Marrero, and Nicole Leibow of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Joanne Quiñones, J.), dated May 18, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level two designation and designated him a level two sex offender. The defendant appeals.
"A defendant seeking a downward departure has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community, and is of a kind, or to a degree, that is not otherwise adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Roldan, 111 AD3d 909, 910, quoting People v Wyatt, 89 AD3d 112, 128; see also People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Williams, 186 AD3d 883, 884).
Here, the defendant failed to establish that his alleged familial support constituted an appropriate mitigating factor warranting a downward departure from the presumptive risk level. The defendant provided minimal documentary evidence and no testimonial evidence of his alleged familial support (see People v Ciccarello, 187 AD3d 1224; People v Blinker, 170 AD3d 1052), and, thus, failed to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community (see People v Cousin, 209 AD3d 1047; People v Rivera, 207 AD3d 761).
Contrary to the defendant's contention, his alleged rehabilitation, as evidenced by his [*2]engagement in treatment, schooling, and employment, did not constitute an appropriate mitigating factor which warranted a downward departure from the presumptive risk level. While "[a]n offender's response to treatment, if exceptional, can form the basis for a downward departure" (People v Jimenez, 178 AD3d 1099, 1100), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Leung, 191 AD3d 1023; People v Desnoyers, 180 AD3d 1080). Moreover, the defendant's "educational and vocational achievements . . . were adequately taken into account by the Guidelines" (People v Adams, 174 AD3d 828, 829-830).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure from his presumptive risk level two designation.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court