People v Jackson (2023 NY Slip Op 05627)

People v Jackson

2023 NY Slip Op 05627

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-06962

[*1]The People of the State of New York, respondent,
v
Keith Jackson, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel; Mark J. Ermmarino on the brief), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated August 8, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree and endangering the welfare of a child. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 105 points, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the County Court's assessment of 10 points under risk factor 1 was supported by clear and convincing evidence, since the case summary and the victim's sworn statement established that the defendant used forcible compulsion in the commission of the underlying offenses (see People v McClendon, 175 AD3d 1329, 1330; People v Gulifield, 174 AD3d 751, 752). The court also properly assessed 20 points under risk factor 4 for a continuing course of sexual misconduct and 30 points under risk factor 5 based upon the age of the victim being 10 or less. The People presented clear and convincing evidence, including the victim's sworn statement and grand jury testimony, that the defendant engaged in three or more acts of sexual contact over a period of at least two weeks (see People v Gomez, 204 AD3d 843, 845; People v Teal, 158 AD3d 902, 903), and that the victim was less than 10 years old when the abuse began (see People v Brown, 194 AD3d 861, 862; People v Garcia, 178 AD3d 1097, 1097).
Additionally, the County Court did not improvidently exercise its discretion in denying the defendant's application for a downward departure from his presumptive risk level to level one. The defendant's remorse and acceptance of responsibility, as well as his alleged close ties with his family, were adequately taken into account by the Guidelines (see People v Alleyne, 212 AD3d 660, 661; People v Williams, 204 AD3d 710, 711; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). In any event, the defendant failed to provide documentary or testimonial evidence of his alleged family support (see People v Ciccarello, 187 AD3d 1224, 1227; People v Blinker, 179 AD3d 1052, 1053), and failed to demonstrate how having [*2]support from his family established a lower likelihood of reoffense or danger to the community (see People v Cousin, 209 AD3d 1047, 1048-1049; People v Rivera, 207 AD3d 761, 762).
The defendant's remaining contention does not warrant a downward departure.
Accordingly, the County Court properly designated the defendant a level two sex offender.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court