People v Ase (2023 NY Slip Op 06390)

People v Ase

2023 NY Slip Op 06390

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-09839

[*1]The People of the State of New York, respondent,
v
Ishaia Ase, appellant.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an amended order of the County Court, Rockland County (Larry J. Schwartz, J.), entered November 10, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the amended order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree. In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, assessed the defendant 75 points and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see id. § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Diaz, 34 NY3d 1179, 1181). A detailed victim statement contained in a police report may constitute reliable hearsay evidence within the meaning of SORA (see People v Brown, 194 AD3d 861, 862; People v Maldonado, 147 AD3d 798, 799-800; People v Davis, 130 AD3d 598, 599-600).
Here, the County Court's assessment of 10 points under risk factor 2, for physical contact under clothing, was supported by clear and convincing evidence. Contrary to the defendant's contention, physical contact under clothing for purposes of risk factor 2 of the Guidelines is demonstrated by clear and convincing evidence that a defendant reached under a victim's clothing and touched an intimate area of the body, regardless of whether the contact was made over or under the victim's undergarments (see People v Torres-Ordonez, 175 AD3d 595, 595; People v Dunning, 166 AD3d 405, 406). The evidence proffered by the People, including the police report containing a detailed statement by the victim, established by clear and convincing evidence that the defendant reached into the victim's pants and touched an intimate area of her body (see People v Torres-Ordonez, 175 AD3d at 595; People v Dunning, 166 AD3d at 406).
Also contrary to the defendant's contention, the County Court properly assessed 15 points under risk factor 11 (drug or alcohol abuse). The People proffered clear and convincing [*2]evidence that the defendant was abusing alcohol at the time of the offense (see People v Palmer, 20 NY3d 373, 378; People v Alvarado, 173 AD3d 909, 910; People v Perry, 165 AD3d 990), including, among other things, the victim's grand jury testimony that the defendant was frequently drunk and that he was drunk during some of the instances of sexual contact with her.
The County Court also properly assessed 20 points under risk factor 4, for engaging in a continuing course of sexual misconduct, as the People established by clear and convincing evidence, including grand jury testimony, that the defendant engaged in three or more acts of sexual contact over a period of at least two weeks (see People v Guzman, 213 AD3d 704, 705; People v Rodriguez, 211 AD3d 1058, 1059).
The County Court also properly assessed 10 points under risk factor 12, for the defendant's failure to accept responsibility for his criminal conduct. The defendant's postplea statement to the Department of Probation, in which he denied his guilt and claimed that he only pleaded guilty to avoid negative repercussions for his family, provided clear and convincing evidence that he had not genuinely accepted responsibility for his conduct (see People v Kennedy, 160 AD3d 671, 671; People v Murphy, 68 AD3d 832, 833; People v Wright, 53 AD3d 963, 964).
The defendant's contention that he is entitled to a downward departure based upon purported mitigating factors is unpreserved for appellate review, as he failed to request a downward departure at the SORA hearing (see People v Howell, 213 AD3d 708, 709; People v Jackson, 209 AD3d 881, 882). In any event, contrary to the defendant's contention, he failed to establish his entitlement to a downward departure (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112).
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court