People v Desir (2024 NY Slip Op 00641)

People v Desir

2024 NY Slip Op 00641

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-03231

[*1]The People of the State of New York, respondent, 
v
Daniel Desir, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), dated April 6, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of course of sexual conduct against a child in the first degree, upon a plea of guilty.
On April 6, 2022, the County Court held a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The defendant's contentions on appeal regarding the assessment of points under risk factor 2 (sexual contact with victim) and risk factor 5 (age of victim) on the risk assessment instrument are unpreserved for appellate review, as he failed to raise these factors at the SORA hearing (see People v Rosales, 133 AD3d 733, 733; People v Fernandez, 91 AD3d 737, 738), and we decline to exercise our interest of justice jurisdiction to reach the issues (see People v Butler, 157 AD3d 727, 730).
The defendant's contention, raised for the first time on appeal, that he is entitled to a downward departure based on purported mitigating circumstances, including his lack of criminal history, acceptance of responsibility, and behavior in jail, is also unpreserved for appellate review, as he failed to raise those factors at the SORA hearing (see People v Howard, 190 AD3d 773, 775; People v Wilcox, 178 AD3d 1107, 1109), and we decline to exercise our interest of justice jurisdiction to reach the issues.
Accordingly, the County Court properly designated the defendant a level two sex offender.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court