People v Tewel (2024 NY Slip Op 03836)

People v Tewel

2024 NY Slip Op 03836

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2017-10283

[*1]The People of the State of New York, respondent,
v
Menachem Tewel, appellant. Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Rachel Raimondi, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated May 15, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court properly assessed the defendant 10 points under risk factor 1 on the risk assessment instrument. The People established by clear and convincing evidence, including a police report, the victim's grand jury testimony, and a case summary, that the defendant forcibly engaged in sexual activity with the victim (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 7-8 [2006] [hereinafter Guidelines]; People v Jackson, 221 AD3d 737, 737; People v Parisi, 212 AD3d 666, 667).
The defendant's challenge to the assessment of 20 points under risk factor 4 is, in part, unpreserved for appellate review (see People v Tavarez-Nunez, 180 AD3d 719, 721; People v Palacios, 137 AD3d 761, 762). In any event, the Supreme Court properly assessed the defendant 20 points under risk factor 4 for a continuing course of sexual misconduct. The People established by clear and convincing evidence multiple occurrences of sexual misconduct within the temporal requirement (see Guidelines at 10; People v Lyons, 199 AD3d 722, 723; People v Brown, 194 AD3d 861).
"As a general matter, a defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Fernandez, 219 AD3d 762, 762 [internal quotation marks omitted]; see Guidelines at 4-5; People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Fernandez, 219 AD3d at 763, quoting People v Tirado, 165 AD3d 991, 992).
Here, the Supreme Court properly denied the defendant's application for a downward departure. The alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure based on the totality of the circumstances (see People v Bonet, 225 AD3d 633, 635).
The defendant's remaining contention is, in part, unpreserved for appellate review and, in any event, without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court