People v Velasco-Morales (2025 NY Slip Op 01655)

People v Velasco-Morales

2025 NY Slip Op 01655

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2024-02173

[*1]The People of the State of New York, respondent, 
v
Jose Velasco-Morales, appellant.

James D. Licata, New City, NY (Amanda M. Doty of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated February 6, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, assessed the defendant 85 points on the risk assessment instrument and designated him a level two sex offender.
The defendant's contention, in effect, that the County Court improperly assessed 15 points under risk factor 11 is unpreserved for appellate review, since he did not object to the assessment of these points at the SORA hearing (see People v Melendez, 210 AD3d 1121, 1122; People v Bethel, 165 AD3d 712, 713). In any event, this contention is without merit.
The defendant's contention that he is entitled to a downward departure based on purported mitigating factors is also unpreserved for appellate review because he did not request a downward departure at the SORA hearing (see People v Pomavilla-Loja, 230 AD3d 1359, 1359; People v Valencia, 225 AD3d 637, 638). In any event, the defendant failed to establish that a downward departure was warranted (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128).
Accordingly, the County Court properly designated the defendant a level two sex offender.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court