People v Marte (2025 NY Slip Op 01653)

People v Marte

2025 NY Slip Op 01653

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-08671

[*1]The People of the State of New York, respondent,
v
Julio C. Marte, appellant.

N. Scott Banks, Hempstead, NY (Argun M. Ulgen and Tammy Feman of counsel; Elizabeth Walker on the brief), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated August 16, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, assessed the defendant 135 points on the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]), constituting a presumptive level three sex offender designation. The defendant requested a downward departure from the presumptive risk level, which the court denied. The court designated the defendant a level three sex offender. The defendant appeals.
The defendant's contentions regarding the assessment of points under risk factors 2 (sexual contact with victim) and 11 (drug or alcohol abuse) are unpreserved for appellate review, as he failed to raise these contentions at the SORA hearing (see People v Collins, 233 AD3d 958; People v Desir, 224 AD3d 707), and we decline to exercise our interest of justice jurisdiction to reach the issues (People v Butler, 157 AD3d 727, 730).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 3 (number of victims), as the People established by clear and convincing evidence that there were two victims (see People v Butler, 232 AD3d 683, 684).
The Supreme Court also properly assessed 20 points under risk factor 4 (continuing course of sexual misconduct), as the defendant could be assessed points under a theory of accessorial liability for the three or more sexual acts committed by the men who paid for sexual activity with the victims over a period of at least two weeks (see People v Greenridge, 224 AD3d 852, 854; People v Ase, 222 AD3d 789, 790; People v Johnson, 202 AD3d 553, 553).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a [*2]factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Mitchell, 196 AD3d 516, 517 [internal quotation marks omitted]). Here, the defendant failed to establish facts in support of the existence of a mitigating factor. While a sex offender's response to treatment, if exceptional, can be the basis for a downward departure pursuant to the Guidelines, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see id. at 518; People v Varvaro, 171 AD3d 958, 960).
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court