People v Doe (2025 NY Slip Op 04026)

People v Doe

2025 NY Slip Op 04026

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-09742

[*1]The People of the State of New York, respondent,
v John Doe, appellant.

Twyla Carter, New York, NY (Sylvia Lara Altreuter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Kenneth X. L. Markert of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated August 26, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, after a hearing, assessed the defendant 90 points on the risk assessment instrument, rendering him a presumptive level two sex offender, and denied his application for a downward departure from his presumptive risk level. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 1, as the People established by clear and convincing evidence that the defendant inflicted physical injury (see People v Sullivan, 64 AD3d 67).
The Supreme Court's assessment of 10 points under risk factor 2, for physical contact under clothing, was supported by clear and convincing evidence (see People v Ase, 222 AD3d 789, 790; People v Torres-Ordonez, 175 AD3d 595).
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 12 based on the defendant's refusal to participate in sex offender treatment while incarcerated. Although the defendant's appeal from the underlying conviction was pending at the time he refused to participate in treatment, he faced no "substantial or real hazard of self-incrimination" by participating in treatment while his appeal was pending (People v Palladino, 46 AD3d 864, 866; cf. People v Fews, 175 AD3d 570, 570; People v Britton, 148 AD3d 1064, 1065, affd 31 NY3d 1019). Additionally, the defendant failed to provide any proof that he refused to participate in sex offender treatment because of the impact any admission might have had on his direct appeal and possible resentence (see People v Howard, 190 AD3d 773; People v Grigg, 112 AD3d 802, 803; cf. People v Kearns, 68 AD3d 1713, 1713-1714).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) [*2]establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish his entitlement to a downward departure. The defendant's re-entry plans and the support of his family were adequately taken into account by the Guidelines (see People v Taylor, 199 AD3d 845, 846; People v Felton, 175 AD3d at 735; People v Adams, 174 AD3d 828, 829-830). Although an offender's response to treatment if exceptional can be the basis for a downward departure (see Guidelines at 17; People v Roelofsen, 195 AD3d 962, 963), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Wanzer, 218 AD3d 805, 806; People v Porciello, 193 AD3d 993, 994; cf. People v Walker, 146 AD3d 824, 826). Further, the defendant failed to demonstrate, by a preponderance of the evidence, the existence of any other mitigating factors that would warrant a departure from his presumptive risk level (see People v Dockery, 233 AD3d 808, 810, lv granted ____ NY3d ____, 2025 NY Slip Op 71078; People v Savino, 222 AD3d 792, 793; People v Rucano, 213 AD3d 709, 711).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court