People v Diaz (2025 NY Slip Op 05542)

People v Diaz

2025 NY Slip Op 05542

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2024-07848

[*1]The People of the State of New York, respondent,
v
Yerri Raymundo Diaz, appellant. James D. Licata, New City, NY (Lois Capelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrisey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Anne B. Bianchi, J.), dated July 31, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court, after a hearing, assessed the defendant 85 points on the risk assessment instrument, denied the defendant's application for a downward departure from his presumptive risk level, and designated the defendant a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (id. § 168-n[3]; see People v Bullock, 217 AD3d 886, 887). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
The County Court properly assessed the defendant 10 points under risk factor 1 on the risk assessment instrument. The People established by clear and convincing evidence, including the case summary and the victim's grand jury testimony, that the defendant used forcible compulsion in the commission of the underlying sex offense (see Guidelines at 7-8; People v Jackson, 221 AD3d 737, 737; People v Williams, 302 AD2d 412, 412).
The County Court also properly assessed the defendant 20 points under risk factor 4 for a continuing course of sexual misconduct. At the hearing, the People presented clear and convincing evidence that the defendant engaged in two or more acts of sexual contact, separated in time by at least 24 hours, and that at least one of those acts involved oral sexual conduct (see Guidelines at 10; People v Gomez, 204 AD3d 843, 845; People v Arrahman, 144 AD3d 1009, 1009-1010).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Here, the County Court properly denied the defendant's application for a downward departure. The alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure based on the totality of the circumstances (see People v Bonet, 225 AD3d 633, 635; People v Vega, 189 AD3d 1288, 1289).
Accordingly, the County Court properly designated the defendant a level two sex offender.
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court