People v Averhart (2020 NY Slip Op 05237)





People v Averhart


2020 NY Slip Op 05237


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-02014

[*1]People of State of New York, respondent,
v
Tyrell Averhart, appellant. Janet E. Sabel, New York, NY (Tomoeh Murakami Tse of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), dated November 13, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sex offender based on the assessment of a total of 115 points. On appeal, the defendant challenges the assessment of 10 points under risk factor 13, and the denial of his request for a downward departure.
In establishing a sex offender's appropriate risk level pursuant to SORA, the People have the burden of proving the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408). "Such facts may be established through the defendant's admissions, the victim's statements, 'and any relevant materials and evidence' submitted by the parties, including 'reliable hearsay evidence,' which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders" (People v Tuitt, 175 AD3d 517, 518, quoting Correction Law § 168-n[3]; see People v Crandall, 90 AD3d 628, 630).
Here, we agree with the Supreme Court's assessment of 10 points under risk factor 13, since the People established, by clear and convincing evidence, that the defendant's conduct while confined was unsatisfactory (see Correction Law § 168-n[3]). The case summary revealed that the defendant's conduct while incarcerated resulted in a separate criminal conviction of attempted promoting prison contraband in the first degree (see People v Crandall, 90 AD3d at 630). In addition, the case summary indicated that the defendant incurred numerous disciplinary violations while incarcerated, including 7 tier III disciplinary violations and 13 tier II disciplinary violations (see People v Guadeloupe, 173 AD3d 910, 911; People v Marquez, 165 AD3d 986, 987; People v Crandall, 90 AD3d at 630; see also SORA: Risk Assessment Guidelines and Commentary at 16-17 [2006; hereinafter Guidelines]). Contrary to the defendant's contention, the court properly relied upon the case summary in assessing him points under risk factor 13 (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 573).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Adams, 174 AD3d 828, 829-830; People v Curry, 158 AD3d 52, 60), or did not warrant a downward departure from the presumptive risk level (see People v Kaff, 149 AD3d 783, 784).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court