People v Haims (2022 NY Slip Op 02142)





People v Haims


2022 NY Slip Op 02142


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2020-04834

[*1]The People of the State of New York, respondent, 
v
Bruce Haims, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Benjamin A. Kussman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Terrence P. Murphy, J.), entered May 26, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1984, the defendant was convicted, upon a jury verdict, of murder in the second degree, manslaughter in the second degree, and attempted rape in the first degree, and was sentenced to an aggregate prison term of 25 years to life. In 1991, this Court affirmed the conviction (see People v Haims, 171 AD2d 878). Prior to his release from prison, the Supreme Court conducted a proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Pursuant to the SORA: Risk Assessment Guidelines and Commentary (2006 [hereinafter Guidelines]), the court applied an automatic override applicable where a defendant causes the victim's death (see Guidelines at 3). The court denied the defendant's request for a downward departure and designated him a level three sex offender. The defendant appeals.
The People sustained their burden of proving, by clear and convincing evidence, the applicability of the override for causing the death of the victim (see People v Simmons, 170 AD3d 904, 904). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d 720, 720-721, quoting People v Gordon, 133 AD3d 835, 836). "However, the [c]ourt nevertheless retain[s] the discretion to depart from the presumptive risk level obtained pursuant to the automatic override, although such departures are the exception, and not the rule" (People v Simmons, 170 AD3d at 904).
A defendant seeking a downward departure from his or her presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; People v Velasquez, 145 AD3d 924, 924). If the defendant makes that twofold showing, the court must [*2]exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish that a downward departure was warranted. Most of the alleged mitigating circumstances identified by the defendant, including his lack of history of drug or alcohol abuse, his excellent disciplinary record while in prison, his participation in education programs, and access to a supportive community upon release, including housing and employment assurances, are adequately taken into account by the SORA Guidelines (see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Robinson, 145 AD3d 805, 806; People v Torres, 124 AD3d 744, 745-746).
While a "'defendant's response to [sex offender] treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Del-Carmen, 186 AD3d 878, 879, quoting People v Wallace, 144 AD3d 775, 776), the defendant failed to establish that his response to such treatment was exceptional (see People v Del-Carmen, 186 AD3d at 879; People v Robinson, 179 AD3d 1104, 1105; People v Riverso, 96 AD3d 1533, 1534).
Although "advanced age" and a debilitating medical condition may constitute a basis for a downward departure (Guidelines at 5; see People v Mitchell, 196 AD3d 516, 518), the defendant failed to preserve this argument for appellate review (see People v Kaiser, 168 AD3d 1002, 1003). In any event, the defendant failed to demonstrate that his age of 61 years old at the time of the SORA hearing and his alleged medical condition constituted appropriate mitigating factors that minimized his risk of reoffense (see People v Samuels, 199 AD3d 1034, 1036; People v Mitchell, 196 AD3d at 518; People v Rivas, 185 AD3d 740, 740-741).
Moreover, while "[r]ehabilitation on the basis of the totality of the record is a mitigating factor that is not taken into account by the [SORA] Guidelines" (People v Madison, 98 AD3d 573, 574), the defendant did not prove by a preponderance of the evidence the facts in support of this alleged mitigating factor (see People v Moultrie, 147 AD3d 800, 801).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court