People v Downes (2023 NY Slip Op 02897)

People v Downes

2023 NY Slip Op 02897

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2013-11030

[*1]The People of the State of New York, respondent,
v
Terrence Downes, appellant. 

Twyla Carter, New York, NY (Katheryne M. Martone of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (James P. Sullivan, J.), dated December 2, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2004, the defendant was convicted, upon his plea of guilty, of rape in the first degree and sexual abuse in the first degree, among other crimes. At a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant sought a downward departure from his presumptive risk level classification. The Supreme Court assessed the defendant 115 points on the risk assessment instrument, denied the defendant's request for a downward departure, and designated him a level three sex offender. The defendant appeals.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Jones, 196 AD3d 515, quoting People v Wyatt, 89 AD3d 112; see People v Gillotti, 23 NY3d 841, 860; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Sofo, 168 AD3d 891, 891-892; see People v Gillotti, 23 NY3d at 861; People v Medina, 209 AD3d 775, 776).
Here, the alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure (see People v Gillotti, 23 NY3d at 861; People v Balcerak, 212 AD3d 662). The defendant's score on the Static-99 classifying him as a moderate to high risk to reoffend is not a circumstance which, standing alone, may be considered a mitigating factor (see People v Robinson, 204 AD3d 708).
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court