People v Bullock (2023 NY Slip Op 03366)

People v Bullock

2023 NY Slip Op 03366

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-03834

[*1]The People of the State of New York, respondent, 
v
Terrance Bullock, appellant. Salvatore C. Adamo, New York, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelly, J.), dated May 18, 2021, which, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree (Penal Law § 130.50[4]) based upon sexual conduct that occurred when he was 42 years old with a victim who was 12 years old. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 130 points on the risk assessment instrument, as requested by the People, and designated him a level three sex offender. On appeal, the defendant challenges the assessment of points under risk factor 2 (sexual contact with victim), risk factor 9 (number and nature of prior crimes), and risk factor 11 (drug or alcohol abuse).
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Bautista, 210 AD3d 1020, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). Here, the Supreme Court properly assessed the defendant 25 points under risk factor 2. The People established by clear and convincing evidence that the defendant engaged in oral sexual conduct and anal sexual conduct with the victim through submission of the case summary prepared by the Board of Examiners of Sex Offenders (hereinafter the Board) and the defendant's written statement, in which he admitted that he inserted his penis into the victim's mouth and anus (see Penal Law §§ 130.00[2], [3]; 130.50[4]). Furthermore, the court properly assessed the defendant 30 points under risk factor 9, for his prior conviction of sexual misconduct in violation of Penal Law § 130.20(1), which is a misdemeanor sex crime for the purposes of risk factor 9 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]; People v Garcia, 192 AD3d 833, 833-834). The court also properly assessed the defendant 15 points under risk factor 11. The People established by clear and convincing evidence that the defendant has a history of substance abuse within the meaning of risk factor 11 through submission of the case summary prepared by the Board, which recites, among other things, that the defendant has two prior convictions for criminal possession of a controlled substance, his admission to the Department of Probation during his intake interview in connection with the underlying offense that he used alcohol [*2]and marihuana almost daily, and his scoring in the "alcoholic" range on the Michigan Alcohol Screening Test upon his incarceration for the underlying offense (see People v Tobo, 184 AD3d 885, 885; cf. People v Daniel, 196 AD3d 653).
The defendant's remaining contentions are without merit.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court