People v Coatl (2023 NY Slip Op 05626)

People v Coatl

2023 NY Slip Op 05626

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-04425

[*1]The People of the State of New York, respondent,
v
Claudio Coatl, appellant.

Patricia Pazner, New York, NY (Ryan Miller of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated March 27, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree, which was 1 of 17 counts of an indictment charging the defendant with engaging in various acts of sexual misconduct with the victim over a two-month period, from April 1, 2008, to May 31, 2008. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points and designated him a level two sex offender. The defendant appeals, challenging the assessment of 20 points under risk factor 4 for a continuing course of sexual misconduct with the victim.
"For purposes of assessing points under risk factor 4 (duration of offense), the . . . Guidelines specify that 'an offender has engaged in a continuing course of sexual contact when he [or she] engages in either (i) two or more acts of a sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, which acts are separated in time by at least 24 hours, or (ii) three or more acts of sexual contact over a period of at least two weeks'" (People v Jarama, 178 AD3d 970, 970-971, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]).
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination by clear and convincing evidence (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, . . . case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Vasquez, 189 AD3d 1480, 1481).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. At the hearing, the People presented clear and convincing evidence that the defendant engaged in three or more acts of sexual contact over a period of three separate days and at least one of those acts involved sexual [*2]intercourse.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court