People v Ack (2024 NY Slip Op 00916)

People v Ack

2024 NY Slip Op 00916

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-02666
2022-02667

[*1]People of State of New York, respondent,
v
Darren Ack, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel; Lydia Horan on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two orders of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), both dated April 1, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
In 1999, the defendant was convicted, after a jury trial, of, inter alia, rape in the first degree under Indictment No. 10676/97. In 2005, under Indictment No. 8756/02, the defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. At a hearing related to both indictments pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant sought a downward departure from his presumptive risk level. The Supreme Court assessed the defendant 150 points on the risk assessment instrument, denied his application for a downward departure, and designated him a level three sex offender. The defendant appeals.
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Downes, 216 AD3d 1183, 1183-1184, quoting People v Jones, 196 AD3d 515, 515 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 860). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Downes, 216 AD3d at 1184, quoting People v Sofo, 168 AD3d 891, 891-892; see People v Gillotti, 23 NY3d at 861).
While "[a]n offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor," here the defendant did not prove by a preponderance of the evidence the facts in support of this mitigating factor (People v Santogual, [*2]157 AD3d 737, 738; see People v Haims, 203 AD3d 1184, 1186).
Moreover, although an offender's response to treatment, if exceptional, may qualify as a mitigating factor that warrants a downward departure (see People v Pena, 217 AD3d 693, 694; People v Payne, 216 AD3d 1187, 1188; People v Rucano, 213 AD3d 709, 710), here, the defendant failed to prove, by a preponderance of the evidence, that his response to treatment was exceptional (see People v Abdullah, 210 AD3d 704, 706; People v Cousin, 209 AD3d 1047, 1048).
Contrary to the defendant's contention, the alleged support provided by his family and friends was adequately taken into account by the Guidelines (see People v Rucano, 213 AD3d at 710; People v Parisi, 212 AD3d 666, 668; People v Taylor, 199 AD3d 845, 846). Moreover, the defendant failed to demonstrate how his support system established a lower likelihood of reoffense or danger to the community (see People v Koiki, 214 AD3d 1006, 1007; People v Parisi, 212 AD3d at 668). Similarly, the defendant's re-entry plan following his release was adequately taken into account by the Guidelines (see People v Joe, 203 AD3d 1187, 1188).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court