People v Coleman (2024 NY Slip Op 01564)

People v Coleman

2024 NY Slip Op 01564

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-04122

[*1]The People of the State of New York, respondent,
v
James Coleman, appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.
Twyla Carter, New York, NY (Lorraine Maddalo of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated April 29, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sodomy in the first degree (Penal Law former § 130.50[1]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 190 points on the risk assessment instrument and designated him a level three sex offender. The defendant appeals, challenging the assessment of points under risk factors 11 (drug or alcohol abuse) and 13 (conduct while confined/supervised), and the denial of his request for a downward departure.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (People v Gurley, 216 AD3d 1007, 1008; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Vasquez, 189 AD3d 1480, 1481).
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 11, as the People established by clear and convincing evidence that the defendant had a history of substance abuse (see People v Bullock, 217 AD3d 886, 887; People v Oliver, 215 AD3d 772, 773). The defendant received four disciplinary sanctions for drug use and was referred to an alcohol and substance abuse treatment program while he was incarcerated (see People v Bullock, 217 AD3d at 887; People v Oliver, 215 AD3d at 773; People v Aldarondo, 136 AD3d 770, 770-771). Additionally, the defendant reported to a probation officer that he had a history of drug abuse (see People v Aldarondo, 136 AD3d at 771).
The Supreme Court also properly assessed 10 points under risk factor 13, as the People established by clear and convincing evidence that the defendant's conduct while supervised [*2]was unsatisfactory. The defendant's conduct while incarcerated resulted in a separate criminal conviction of attempted knowingly make/possess dangerous contraband in prison in the first degree (see People v Averhart, 186 AD3d 1728, 1729; People v Crandall, 90 AD3d at 630). In addition, the defendant incurred numerous disciplinary violations while incarcerated, including 16 tier III disciplinary violations and 14 tier II disciplinary violations (see People v Averhart, 186 AD3d at 1729; People v Guadeloupe, 173 AD3d 910, 911).
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Downes, 216 AD3d 1183, 1183-1184, quoting People v Jones, 196 AD3d 515, 515 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 860; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Downes, 216 AD3d at 1184, quoting People v Sofo, 168 AD3d 891, 891-892; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to establish that a downward departure was warranted. While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17), the defendant failed to demonstrate by a preponderance of the evidence that his "'response to treatment, while positive, was exceptional'" (People v Smith, 194 AD3d 767, 768, quoting People v Diaz, 180 AD3d 817, 818).
Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 55 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Rivera, 207 AD3d 761, 762; People v Haims, 203 AD3d 1184, 1186).
Moreover, while "[a]n offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure," the defendant did not prove by a preponderance of the evidence the facts in support of this alleged mitigating factor (People v Santogual, 157 AD3d 737, 738; see People v Haims, 203 AD3d at 1186). Further, the defendant's expressed remorse was adequately taken into account by the Guidelines (see People v Zambrano, 215 AD3d 989, 989; People v Barrott, 199 AD3d 1029, 1030).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BARROS, J.P., CHRISTOPHER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court