People v Cangiano (2025 NY Slip Op 00342)

People v Cangiano

2025 NY Slip Op 00342

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2019-07045

[*1]The People of the State of New York, respondent,
v
Juan Cangiano, appellant.

Patricia Pazner, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Allison Marculitis of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated June 12, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, inter alia, of five counts of sodomy in the first degree (former Penal Law § 130.50). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court found that the defendant was a presumptive level two sex offender, denied his request for a downward departure from the presumptive risk level, and designated him a level two sex offender. On appeal, the defendant contends that the court should have granted his request for a downward departure from the presumptive risk level.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Downes, 216 AD3d 1183, 1183-1184 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see also People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Downes, 216 AD3d at 1184 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d at 861).
Here, the defendant's good behavior in prison, educational achievements, and completion of a sex offender treatment program were adequately taken into account by the Guidelines (see People v Hernandez, 225 AD3d 903, 904; People v Leung, 191 AD3d 1023, 1024; People v Alexander, 144 AD3d 1008). Although advanced age may constitute a basis for a downward departure, the defendant failed to demonstrate that his age at the time of the SORA hearing, 70 years old, constituted an appropriate mitigating factor that minimized his risk of [*2]reoffense (see People v Wolbert, 207 AD3d 483; People v Samuels, 199 AD3d 1034, 1036). Contrary to the defendant's contention, being scored a low risk by alternate assessment instruments does not qualify as an appropriate mitigating factor (see People v Zubradt, 224 AD3d 856, 857). The remaining mitigating factors identified by the defendant do no warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court