People v Skipper (2025 NY Slip Op 00685)

People v Skipper

2025 NY Slip Op 00685

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2020-06401

[*1]The People of the State of New York, respondent,
v
Joe Skipper, appellant. 

Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Dallas S. Droz on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Joseph A. Zayas, J.), dated April 28, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, of three counts of sodomy in the first degree (former Penal Law § 130.50[1]), two counts of kidnapping in the second degree (Penal Law § 135.20), and two counts of assault in the second degree (id. § 120.05[2], [6]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 130 points, denied the defendant's application for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Coleman, 225 AD3d 792, 794, quoting People v Downes, 216 AD3d 1183, 1183-1184 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 860). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Coleman, 225 AD3d at 794, quoting People v Downes, 216 AD3d at 1184 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d at 861).
Here, most of the alleged mitigating factors identified by the defendant, including his vocational achievements while incarcerated, alleged exemplary disciplinary record, expression of remorse, acceptance of responsibility, supportive family, and the strict supervision that he will be under on parole, were adequately taken into account by the Guidelines (see Guidelines at 4; People v Laskaris, 231 AD3d 1173; People v Infantino, 215 AD3d 768, 771; People v Barrott, 199 AD3d [*2]1029, 1030; People v Rocano-Quintuna, 149 AD3d 1114, 1115). Moreover, the defendant failed to demonstrate how his family support established a lower likelihood of reoffense or danger to the community (see People v Parisi, 212 AD3d 666, 668).
While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17), here, contrary to the Supreme Court's finding, the defendant failed to demonstrate by a preponderance of the evidence that his "'response to treatment, while positive, was exceptional'" (People v Coleman, 225 AD3d at 794, quoting People v Smith, 194 AD3d 767, 768 [internal quotation marks omitted]). Further, the defendant failed to establish that his response to substance abuse treatment was exceptional (see People v Gonsales, 203 AD3d 760, 761; People v Herbert, 186 AD3d 1732, 1733).
Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 58 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Haims, 203 AD3d 1184, 1186).
Moreover, while "[a]n offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure," the defendant did not prove by a preponderance of the evidence the facts in support of this alleged mitigating factor (People v Santogual, 157 AD3d 737, 738; see People v Coleman, 225 AD3d at 795).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court