People v Quinones (2025 NY Slip Op 01654)

People v Quinones

2025 NY Slip Op 01654

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2021-06767

[*1]The People of the State of New York, respondent, 
v
Angel Quinones, appellant.

Twyla Carter, New York, NY (Ashley A. Baxter of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Kenneth X. L. Markert of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Michelle A. Johnson, J.), dated August 23, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant a total of 140 points on the risk assessment instrument (hereinafter RAI), denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted], quoting People v Downes, 216 AD3d 1183, 1183-1184; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 860). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Coleman, 225 AD3d at 794 [internal quotation marks omitted], quoting People v Downes, 216 AD3d at 1184; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. "Although lengthy periods of time during which the defendant has been at liberty after the offense without reoffending are not taken into account by the Guidelines or the RAI" (People v Espinoza, 222 AD3d 668, 670; see People v Arroyo, 231 AD3d 1171, 1172; People v Sotomayer, 143 AD3d 686, 687), here, the defendant failed to establish by a preponderance of the evidence that the time he spent at liberty without reoffense demonstrated that the RAI overstated his risk of reoffense or that he has led an exemplary life such [*2]that he was entitled to a downward departure from the presumptive risk level (see People v Arroyo, 231 AD3d at 1172; People v Flores-Hernandez, 219 AD3d 1533, 1534).
Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 49 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Haims, 203 AD3d 1184, 1186; People v Santiago, 137 AD3d 762, 764-765).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court