People v Guevara (2025 NY Slip Op 04111)

People v Guevara

2025 NY Slip Op 04111

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2024-02092

[*1]The People of the State of New York, respondent,
v
Jorge Guevara, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated February 20, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 85 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (id. § 168-n[3]; see People v Bullock, 217 AD3d 886, 887). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 5 [2006]).
"For purposes of assessing points under risk factor 4 (duration of offense), the . . . Guidelines specify that 'an offender has engaged in a continuing course of sexual contact when he [or she] engages in . . . two or more acts of a sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, which acts are separated in time by at least 24 hours'" (People v Jarama, 178 AD3d 970, 970-971, quoting Guidelines at 10; see People v Coatl, 221 AD3d 736). Here, contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. At the hearing, the People presented clear and convincing evidence that the defendant engaged in two or more acts of sexual contact, separated by a week, and at least one of those acts involved sexual intercourse.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Bigelow, 175 AD3d 1443, 1443, quoting People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Tleis, 222 AD3d 1012, 1012, quoting People v Bigelow, 175 AD3d at 1444; see People v Gillotti, 23 NY3d 841, 861).
Here, the defendant failed to demonstrate the existence of a mitigating factor not already taken into account by the Guidelines that would warrant a downward departure from his presumptive risk level (see People v Gillotti, 23 NY3d at 857). Contrary to the defendant's contentions, he failed to demonstrate that his response to sex offender treatment was exceptional (see People v Coleman, 225 AD3d 792; People v Pareja-Hidalgo, 222 AD3d 892, 894), and the remaining mitigating factors identified by the defendant, namely, his lack of criminal history or drug or alcohol history, disciplinary record while incarcerated, and participation in an alternative to violence program and vocational classes, were all adequately taken into account by the Guidelines (see People v Laboriel, 210 AD3d 916, 917; People v Saunders, 209 AD3d 776).
Accordingly, the County Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court