People v Jules (2025 NY Slip Op 05543)

People v Jules

2025 NY Slip Op 05543

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2024-13139

[*1]The People of the State of New York, respondent,
v
Mackenson Jules, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 22, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 75 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (id. § 168-n[3]; see People v Bullock, 217 AD3d 886, 887). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
The defendant's contention that the County Court improperly assessed 10 points under risk factor 1 is without merit "inasmuch as [the] defendant pleaded guilty to sexual abuse in the first degree under Penal Law § 130.65(1), a necessary element of which is that he acted with forcible compulsion," and "'[f]acts previously . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated' for purposes of a SORA determination" (People v Law, 94 AD3d 1561, 1562, quoting Correction Law § 168-n[3]; see People v Dabney, 221 AD3d 624, 625).
"For purposes of assessing points under risk factor 4 (duration of offense), the . . . Guidelines specify that 'an offender has engaged in a continuing course of sexual contact when he [or she] engages in . . . two or more acts of a sexual contact, at least one of which is an act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, which acts are separated in time by at least 24 hours'" (People v Jarama, 178 AD3d 970, 970-971, quoting [*2]Guidelines at 10; see People v Coatl, 221 AD3d 736). Here, contrary to the defendant's contention, the County Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. At the hearing, the People presented clear and convincing evidence that the defendant engaged in two or more acts of sexual contact, separated by at least a week, and that at least one of those acts involved sexual intercourse.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Bigelow, 175 AD3d 1443, 1443, quoting People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Tleis, 222 AD3d 1012, 1012, quoting People v Bigelow, 175 AD3d at 1444; see People v Gillotti, 23 NY3d 841, 861).
Here, the defendant failed to establish the existence of a mitigating factor not already taken into account by the Guidelines that would warrant a downward departure from his presumptive risk level (see People v Gillotti, 23 NY3d at 857). The defendant's lack of criminal history, remorse, willingness to participate in a treatment program, and good behavior while incarcerated were all adequately taken into account by the Guidelines (see People v Taylor, 199 AD3d 845, 846; People v Felton, 175 AD3d 734, 735; People v Adams, 174 AD3d 828, 829-830).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
GENOVESI, J.P., MILLER, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court