People v Cruz (2025 NY Slip Op 05974)

People v Cruz

2025 NY Slip Op 05974

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2024-02842

[*1]The People of the State of New York, respondent,
v
David Cruz, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 16, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 90 points, denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Bullock, 217 AD3d 886, 887). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Bigelow, 175 AD3d 1443, 1443, quoting People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Tleis, 222 AD3d 1012, 1012, quoting People v Bigelow, 175 AD3d at 1444; see People v Gillotti, 23 NY3d 841, 861).
Here, the County Court properly denied the defendant's application for a downward departure. The alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or did not warrant a downward departure based on the totality of the circumstances (see People v Bonet, 225 AD3d 633, 635; People v Vega, 189 AD3d 1288, 1289).
Accordingly, the County Court properly designated the defendant a level two sex offender.
BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court