People v Williams

2026 NY Slip Op 02426

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Benjamin Williams, appellant. Twyla Carter, New York, NY (Elizabeth Batkin of counsel), for appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2022-01996

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Shlomit Heering of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from an order of the Supreme Court, Kings County (Michael D. Kitsis, J.), dated February 17, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

ORDERED that the order is affirmed, without costs or disbursements.

The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 80 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.

"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted], quoting People v Downes, 216 AD3d 1183, 1183-1184; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 860). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Coleman, 225 AD3d at 794 [internal quotation marks omitted], quoting People v Downes, 216 AD3d at 1184; see People v Gillotti, 23 NY3d at 861).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his application for a downward departure. Although it has been recognized that the assessment of points under risk factor 3 (number of victims) and risk factor 7 (relationship with victim) may result in an overassessment of the risk posed to the community by certain offenders whose crime was the possession of images of child sexual abuse (see People v Gillotti, 23 NY3d at 861; People v Oyola, 217 AD3d 791, 792), a downward departure is not warranted under the circumstances here (see People v Smith, 187 AD3d 1228, 1229). The length of time the defendant [*2]had been viewing child pornography, the number and nature of the images and video files he possessed, and the defendant's sharing of that material with others, all militated against a downward departure (see People v Fernandez, 219 AD3d 760, 763; People v Smith, 187 AD3d at 1229; People v Goldman, 150 AD3d 905, 907).

Contrary to the defendant's further contention, the fact that the total of 80 points fell on the lower end of the risk level two designation does not warrant a downward departure (see People v Rucano, 213 AD3d 709, 711).

The defendant's contention that he was entitled to a downward departure based upon certain other alleged mitigating factors, including a lack of a prior criminal history, is unpreserved for appellate review, as he failed to raise these alleged mitigating factors as a ground for a downward departure at the SORA hearing (see People v Infantino, 215 AD3d 768, 770-771). In any event, the defendant's lack of prior criminal history was adequately taken into account by the Guidelines (see id. at 771; People v Bigelow, 175 AD3d 1443, 1444). The other alleged mitigating factors identified by the defendant, including his acceptance of responsibility, and the strict supervision he will be under on probation, a condition of which includes participation in a sex offender treatment program, were also adequately taken into account by the Guidelines (see People v Laskaris, 231 AD3d 1173, 1174; People v Infantino, 215 AD3d at 771; People v Peoples, 189 AD3d 1282, 1282-1283).

Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated the defendant a level two sex offender.

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court